IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| JEFF HAMMONTREE, et al., } | |
| } | |
| Plaintiffs, } | |
| } | |
| v. } | Case No. 4:05-CV-2586-RDP |
| } | |
| FEDERAL BUREAU OF } | |
| INVESTIGATION, et al., } | |
| } | |
| Defendants. } | |

## MEMORANDUM OPINION

This case is before the court on Plaintiffs' Motion for Summary Judgment (Doc. # 22) filed June 12, 2006; Intervenor-Defendant Sonic-Williams Imports, Inc.'s Motion for Summary Judgment (Doc. # 23) filed June 12, 2006; and Defendants Federal Bureau of Investigation and Robert Mueller's Motion to Dismiss for Lack of Jurisdiction and for Failure to State a Claim Upon Which Relief May Be Granted Or, Alternatively, Motion for Summary Judgment (Docs. # 26) filed June 13, 2006. The motions have been fully briefed and were under submission as of June 30, 2006. (Docs. # 9, 15).

As discussed in detail below, the court is persuaded that Defendants have carried their burden on summary judgment of demonstrating that there are no material facts in dispute and that they are entitled to judgment as a matter of law.

**I.    Legal Standards for Evaluating a Summary Judgment Motion**

Summary judgment is proper only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R .Civ. P. 56(c). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. *See id.* at 249.

## II.     Relevant Undisputed Facts[1]

Plaintiffs, Jeff Hammontree and Rick Hagedorn ("Plaintiffs") seek an order from this court allowing "the release of agency records" that they have requested, unsuccessfully, from Defendant Federal Bureau of Investigation ("FBI") as part of discovery in *Jeff Hammontree and Rick Hagedorn v. Sonic-Williams Imports, Inc.*, Civil Action No. CV-04-4724, a lawsuit pending in the Circuit Court of Jefferson County, Alabama (the "State Court Action").[2] Plaintiffs allege that the records are due to be released pursuant to the Privacy Act, 5 U.S.C. § 552a, and they allege that this court has federal question subject matter jurisdiction over their claims pursuant to the Act's civil remedies provision, 5 U.S.C. 552a(g)(1).

In the State Court Action, Plaintiffs, as a putative class, claim that Intervenor Defendant, Sonic-Williams Imports, Inc. ("Williams Imports") negligently hired, retained or supervised Craig Wurzbacher, a former employee, who is alleged to have obtained through his employment personal information of customers which was used to commit fraud. Specifically, Wurzbacher used the identity information of the Plaintiffs in this case to obtain goods and credit. Wurzbacher was arrested in July 2004 by the Huntsville Alabama Police Department. He eventually pled guilty to one count of transportation of a stolen vehicle, one count of unlawful transportation of firearms and five counts of fraud with identification documents and was sentenced to thirty-three months of imprisonment. *See United States v. Wurzbacher*, Case No. 2:04-cr-00335-UWC-TMP (N.D. Ala.).

---

[1] At the court's request, the parties have submitted a Joint Stipulation of Facts (Doc. # 21), upon which the court relies for its summary of "Relevant Undisputed Facts." Both of the motions filed by Defendants rely exclusively on the stipulated facts. (Docs. # 24, 26). Although Plaintiffs' brief relies on additional "Disputed Facts" which they contend are relevant (Doc. # 22), the court finds that those facts, while perhaps relevant to the underlying State Court Action, are not material to the issues in this case.

[2] Although Plaintiffs' original complaint sought release of the records pursuant to the Freedom of Information Act, 5 U.S.C. § 552, Plaintiffs have since abandoned that theory and recharacterized their allegations under the civil remedies section of the Privacy Act, 5 U.S.C. § 552a(g)(1). (Docs. # 1, 14, 15, 16).

At the time of Wurzbacher's arrest, he had in his possession documents containing personal information of Sonic Williams' customers that he allegedly used to commit the fraud. After Wurzbacher's arrest, those documents were taken into the possession of the Huntsville Police Department and subsequently turned over to the FBI. Thereafter, Plaintiffs in the State Court Action served *A Civil Subpoena for Production of Documents* pursuant to Alabama Rule of Civil Procedure 45 on Scott Balcom of the FBI in an attempt to obtain copies of the documents.[3] By letter dated February 22, 2005, the FBI informed Plaintiffs that their subpoena is subject to the Department of Justice's regulations set out at 28 C.F.R. § 16.21-29 and the limitations of the Privacy Act: "Finally, you should also be aware that the FBI has no authority to release information from FBI files concerning an individual unless either the individual has consented in writing to the disclosure, or the FBI has been provided with a valid federal court order authorizing the disclosure."

In response, Plaintiffs sent the same state court subpoena to the United States Attorney, with a description of the information sought and an explanation describing the relevance of the request to the underlying State Court Action. The U.S. Attorney refused compliance with the state court subpoena on two grounds: (1) based on a determination made pursuant to the Department of Justice Touhy regulations, citing specifically 28 C.F.R. § 16.22(a) and 16.24(b); and (2) because the demanded disclosure of the requested documents would violate the Privacy Act "which prohibits federal agencies from producing any material from its files concerning any individuals without those individuals' written consent or without a valid order of a court of 'competent jurisdiction' authorizing the federal agency to disclose the material. 5 U.S.C. 552a(b)(11)."

---

[3] Although Williams Imports has produced in the State Court Action the names, addresses and telephone numbers of approximately 225 of its customers who may have had dealings with Wurzbacher, whether Wurzbacher used the credit information and identity of other customers on the list provided by Williams Imports (besides the Plaintiffs) is unknown at this point. Plaintiffs contend "that the FBI can cross-reference their information against the list of [225] names provided by Sonic Williams and release only that information of those persons on both lists without unnecessarily compromising the privacy of anyone else whose information may have been in Wurzbacher's possession, but was never a customer of Sonic Williams." (Doc. # 22, at 7).

Thereafter Plaintiffs filed the claims in this case, seeking a "Protective Order and other appropriate relief" from this court ordering the FBI to release the documents that were obtained from Wurzbacher at the time of his arrest.

### III. Applicable Substantive Law and Discussion

As noted by Defendants, the issue before this court is narrow: Can the Plaintiffs, who are putative class representatives in a state court action, invoke the Privacy Act to obtain criminal investigatory records of the FBI which contain the identities and private information of third-party potential class members without the consent of those third parties? For the reasons outlined below, the court finds that it lacks subject matter jurisdiction over the claims in this case allegedly brought under the Privacy Act's civil remedies provision, and therefore, Defendants' motions for summary judgment are due to be granted.

Federal question jurisdiction is conferred by § 1331, which provides, "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The "well-pleaded complaint rule" governs whether this court has federal question jurisdiction, *Caterpillar v. Williams,* 482 U.S. 386 (1987); *Gully v. First National Bank,* 299 U.S. 109 (1936); *Gulf States Paper Corporation v. Ingram*, 811 F.2d 1464 (11th Cir. 1987), and that rule confers jurisdiction on this court to hear "only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law," *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983).

The Privacy Act was enacted to balance the federal government's need to gather information with the individual's right to privacy, and it provides a means for individuals to access government records that concern them, provided that such records are not exempt from access because of specified circumstances. *See e.g. H. R. Rep. No. 93-1416, Second Session 4 (1974)*; *Exner v. FBI,* 612 F.2d 1202 (9th Cir. 1980); *Volz v. U. S. Dep't of Justice*, 619 F.2d 49 (10th Cir. 1980). Because the Privacy Act contains a "civil remedies" provision, it falls within the "vast majority" of federal

4

question cases that involves a federal law creating the plaintiff's cause of action. *Merrell Dow Pharmaceuticals Inc. v. Thompson*, 478 U.S. 804, 808 (1986). Nonetheless, the Act's civil remedies' provision is limited, outlining only four circumstances giving rise to the right to bring a civil suit:

> (g)(1) Civil remedies.--Whenever any agency
>
> (A) makes a determination under subsection (d)(3) of this section not to amend an individual's record in accordance with his request, or fails to make such review in conformity with that subsection;
>
> (B) refuses to comply with an individual request under subsection (d)(1) of this section;[4]
>
> (C) fails to maintain any record concerning any individual with such accuracy, relevance, timeliness, and completeness as is necessary to assure fairness in any determination relating to the qualifications, character, rights, or opportunities of, or benefits to the individual that may be made on the basis of such record, and consequently a determination is made which is adverse to the individual; or
>
> (D) fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual,
>
> the individual may bring a civil action against the agency, and the district courts of the United States shall have jurisdiction in the matters under the provisions of this subsection.

5 U.S.C. § 552a(g)(1); *see also Dresser Industries, Inc. v. U.S.,* 596 F.2d 1231, 1237 (5th Cir. 1979)(noting that the Privacy Act contains an explicit grant of jurisdiction to federal district courts).[5]

---

[4] Section (d)(1) provides, in pertinent part:

> [e]ach agency that maintains a system of records shall--(1) upon request by any individual to gain access to his record or to any information pertaining to him which is contained in the system, permit him and upon his request, a person of his own choosing to accompany him, to review the record and have a copy made of all or any portion thereof in a form comprehensible to him ....

5 U.S.C. § 552a (d)(1).

[5] The court notes that although Plaintiffs have also brought suit against Robert Mueller in his official capacity as Director of the Federal Bureau of Investigation because he "is responsible for Privacy Act compliance," (Doc. # 16, at 2), "the Act provides for civil remedies only against the agency, not individuals." *Bruce v. U. S.*, 621 F.2d 914, 916 n.2 (8th Cir. 1980) (finding that the Chief of the Navy Reference Branch was not a proper defendant in a civil action for damages under Privacy Act).

It is beyond dispute that two of the circumstances giving rise to a civil remedy – subsection (A) (addressing requests to amend an individual's record) and subsection (C) (concerning failure to maintain records with accuracy) – are not applicable in this case.  Moreover, because Plaintiffs admit that they seek only information pertinent to third parties, they cannot maintain an action pursuant to subsection (B), which permits a civil action if an agency refuses to comply with an individual request to "gain access to *his record* or to any information *pertaining to him*." (emphasis added) (Doc. # 22, at 5-10)(admitting that Plaintiffs seek the requested information as a means to ascertain the identities and private information of *other* potential class action members).  Accordingly, in order for this court to have "jurisdiction in the matters under the provisions of this subsection," Plaintiffs must demonstrate a right to a civil remedy under the subsection (D) "catchall provision." 5 U.S.C. § 552a(g)(1); s*ee also Clarkson v. Internal Revenue Service*, 678 F.2d 1368, 1375 n.11 (11th Cir. 1982) (noting that section (g) of the Act contains a detailed provision for establishing jurisdiction).

Plaintiffs have not met this burden.  Pursuant to subsection (D), a civil action can be brought against an agency if the agency "fails to comply with any other provision of this section, or any rule promulgated thereunder, in such a way as to have an adverse effect on an individual."  5 U.S.C. § 552a(g)(1)(D).  Plaintiffs have not even attempted to show[6] - much less satisified their burden of demonstrating - that the FBI has failed to comply with any of the provisions of the Privacy Act or any rule promulgated thereunder.   There is no evidence to suggest that the FBI has failed to follow the proper procedures provided by the Freedom of Information Act, the Privacy Act, and the FBI regulatory provisions associated with exempt documents under these statutes and regulations.  In

---

[6] Rather than explain to this court why it has jurisdiction over their claims, Plaintiffs have opted instead to argue class certification issues (*i.e.*, commonality, typicality, numerosity, adequacy of representation).  These are questions for the state court - not this court - to decide.  (Doc. # 22). Moreover, despite Plaintiffs' urging that "this court can engage in an interest balancing of the privacy factors of the individuals whose names may be contained in the records found in Craig Wurzbacher's possession versus the interests of your plaintiffs who are required under Alabama Rules of Civil Procedure 23 to assess the applicability of class action rules to the complaint," this court is *required* to examine its jurisdiction to entertain Plaintiffs' Privacy Act claims before engaging in any substantive Privacy Act analysis, regardless of whether or not the FBI has a "'dog in the hunt' other than its required adherence to Privacy Act." (Doc. # 22, at 9-10).

fact, the FBI's reluctance to release the records seized from Wurzbacher at the time of his arrest actually demonstrates *compliance* with § 552a(j)(2) of the Act, which specifically prevents disclosure of records - even to the very individual to whom they pertain - when those records are part of a system of records containing "information compiled for the purpose of a criminal investigation." 5 U.S.C. § 552a(j)(2)(B); *see Watson v. United States Dep't. of Justice*, 799 F. Supp. 193, 197 (D.D.C. 1992)(noting that the exception even applies even when records sought pertain to the person making the request). Accordingly, because the FBI's refusal to disclose to the Plaintiffs the requested documents was in compliance with, rather than a failure to comply with, the provisions of 5 U.S.C. § 552a, Plaintiffs cannot base their claims in this case on subsection (D).[7]

Because Plaintiffs lack the right to bring suit under the specific grant of jurisdiction contained in the Privacy Act, this court lacks jurisdiction over the Plaintiffs' claims.[8]

---

[7] Even if this court were to assume that the FBI failed to comply with the Act or regulations in some manner, Plaintiffs have not shown that any non-compliance had "an adverse effect" on the Plaintiffs, as is required to demonstrate a right to a civil suit under subsection (D). 5 U.S.C. § 552a(g)(1)(D).

[8] Moreover, even if Plaintiffs could demonstrate that this court has jurisdiction over their allegations, they do not fall within any of the Privacy Act's limited exceptions which allow disclosure of personal records absent the express consent of the persons whose private records are sought. Under § 552a(b), federal agencies are precluded from disclosing private records to any person "except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains" unless at least one of twelve specified exceptions (which primarily authorize disclosures to other governmental agencies) applies. 5 U.S.C. § 552a(b). Although Plaintiffs apparently aspire to fall within exception (11), which allows for disclosure "pursuant to the order of a court of competent jurisdiction," 5 U.S.C. § 552a(b)(11), the Eleventh Circuit has made clear that before such an order is issued, a court must balance "the need for the disclosure against the potential harm to the subject of the disclosure." *Perry v. State Farm Fire & Cas. Co.*, 734 F.2d 1441, 1447 (11th Cir. 1984). Disclosure of an individual's private address is of special concern because "[if] one does not want one's residence to be known, the importance of its being unknown seems to go to the core of privacy." *Federal Labor Relations Authority v. U. S. Dep't of Defense*, 977 F.2d 545, 549 (11th Cir. 1992)(applying a similar balancing test under the Freedom of Information Act). In this case, Plaintiffs seek disclosure of information that relates to the very identity of a person. Indeed, the information seized from Wurzbacher allegedly was used to commit identity theft. Despite the sensitive nature of the information sought, Plaintiffs are motivated not by public interest, but by a desire to further their personal interest in maintaining a class action. Considering that Plaintiffs' request goes to the "core of privacy," and given Congress' decision to specifically exempt from disclosure records compiled by law enforcement during the course of a criminal investigation, even if it had jurisdiction, this court could not issue an order requiring release of the records. *FBI v. Abramson*, 456 U.S. 615, 631 (1982)("Once it is established that information was compiled pursuant to a legitimate law enforcement investigation and that disclosure of such information would lead to one of the listed harms, the information is exempt. Congress thus created

**IV.     Conclusion**

As outlined above, this court lacks subject matter jurisdiction over Plaintiffs' claims, and therefore finds that Defendants have carried their burden on summary judgment of demonstrating that there are no material facts in dispute and that they are entitled to judgment as a matter of law. A separate order will be entered.

**DONE** and **ORDERED** this ____25th____ day of August, 2006.

                                                  **R. DAVID PROCTOR**
                                                  UNITED STATES DISTRICT JUDGE

---

a scheme of categorical exclusion; it did not invite a judicial weighing of the benefits and evils of disclosure on a case-by-case basis"). Accordingly, summary judgment in favor of Defendants is appropriate for this alternative reason as well.